Dismissed and Memorandum Opinion filed September 13,
2011.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00771-CR

____________

 

DEARMON JERRELL LACOUR, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 1303334

 



 

MEMORANDUM
OPINION

Appellant entered a guilty plea to possession of a controlled
substance.  In accordance with the terms of a plea agreement with the State, on
June 30, 2011, the trial court deferred adjudicating guilt and placed appellant
on community supervision for four years.  No motion for new trial was filed. 
Appellant’s notice of appeal was not filed until August 29, 2011.

In a plea-bargain case for deferred adjudication community
supervision, the plea bargain is complete at the time the defendant enters his
plea of guilty in exchange for deferred adjudication community supervision.  Hargesheimer
v. State, 182 S.W.3d 906 (Tex. Crim. App. 2006).  The trial court entered a
certification of the defendant’s right to appeal in which the court certified
that this is a plea bargain case, and the defendant has no right of appeal.  See
Tex. R. App. P. 25.2(a)(2).  The trial court’s certification is included in the
record on appeal.  See Tex. R. App. P. 25.2(d).  The record supports the
trial court’s certification. See Dears v. State, 154 S.W.3d 610, 615
(Tex. Crim. App. 2005).

Moreover, a defendant’s notice of appeal must be filed within
thirty days after sentence is imposed when the defendant has not filed a motion
for new trial.  See Tex. R. App. P. 26.2(a)(1).  A notice of appeal
which complies with the requirements of Rule 26 is essential to vest the court
of appeals with jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210
(Tex. Crim. App. 1998).  If an appeal is not timely perfected, a court of
appeals does not obtain jurisdiction to address the merits of the appeal. 
Under those circumstances it can take no action other than to dismiss the
appeal.  Id.

For these reasons, the appeal is ordered dismissed.

 

PER CURIAM

 

Panel consists of Chief Justice
Hedges, Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).